CARROLL, Judge.
This appeal is from orders of the county judge’s court in Dade County disallowing and striking a claim against an estate.
Harry W. Link, Jr. died on November 12, 1962, a resident of Dade County. Proceedings for probate of his estate were commenced with reasonable dispatch in the county judge’s court in Dade County, and letters testamentary were issued November 30, 1962, naming his widow as the representative of his estate. A first notice to creditors was published December 3, 1962.
On June 6, 1963, several days after expiration of the. six months period allowed for filing claims, the appellant Coconut Grove Bank, of Miami, Florida, filed a claim against the estate in the county judge’s court.
On July 30, the executrix filed an objection to the claim. Later, on September 12, 1963, the creditor petitioned the court to allow the claim, and the executrix filed a motion to strike it. On October 9, 1963, the county judge’s court denied the petition to allow the claim and granted the motion to strike. The present appeal is from those orders which together had the effect of finally disallowing the claim.
Section 733.16, Fla.Stat, F.S.A., relating to presentation of claims in estates, as amended by chapter 63-309, Laws of Florida 1963, made provision for them to be filed within six months from the time of first publication of notice to creditors, but contained a provision whereby a claim filed during the two' year period from July 1, 1961 to July 1, 1963, more than six months but less than eight months after the first publication of notice to creditors could “upon just cause shown to the county judge” be allowed as though filed within the six month limit, but that section contained the proviso that “the time for filing suit upon objections filed to claims filed under this section is extended to July 1, 1963.” That section of the Florida Probate Law (§ 733.16(3) reads as follows:
“Any claim filed in any estate during the period of time between July 1, 1961, and July 1, 1963, which was filed within eight months from the first publication of notice to creditors but after six months from the first publication of notice to creditors, may, upon just cause shown to the county judge, be allowed as if it had been filed within six months from the first publication of notice to creditors provided there had not been an order of final distribution entered prior to the actual filing of the claim or the effective date hereof and the claimant can show to the satisfaction of the county judge that the allowance of the claim as though properly filed within six months from the first publication of the notice to creditors will not materially, ad *901 versely affect the orderly administration of the estate. Provided further the time for filing suit upon objections filed to claims filed under this section is extended to July 1, 1963.”
It should be noted that the limitation period within which suit could be filed on such a claim expired July 1, 1963, and that in entering the orders appealed from the county judge did so on the ground that this lapse of time had barred action on the claim. In so holding the county judge was eminently correct. Moreover, no good cause was shown by the bank for allowance of its late claim, as permitted under the statute. The excuse submitted by the bank, that it was unable to discover the probate proceeding, was insufficient. The bank’s claim against the “Estate of Harry W. Link, Jr., Deceased,” was prepared and sworn to on January 15, 1963, at a time when the probate was pending in the county judge’s court, and well within the time in which it could have been filed.
In seeking reversal of the challenged orders, the appellant points to the provision of the statute which specifies that on claims of this character suit must be filed by July 1, 1963, upon objections filed thereto, and calls attention to the fact that its claim filed on June 6, 1963, was not objected to until July 30. Appellant then argues that the July 1 limitation for filing suit should not apply, and that it should have an added period within which to file suit after the objection to the claim was filed on July 30, 1963. In response to those contentions the appellee points out that she was under no duty to object earlier, and that in any event the claimant was not entitled to bring suit, even prior to July 1, 1963, until and unless it first had applied for and obtained an order from the county judge that its claim filed more than six months but less than eight months after the first notice to creditors should be received as valid; and appellee points out that the claimant made no such application to the county judge until September 12, 1963. In the circumstances presented the county judge ruled correctly in rejecting the claim.
Whereupon, no reversible error having been made to appear the orders appealed from should be and hereby are affirmed.
Affirmed.